UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) **Case No.:** |
| COMCAST CORPORATION, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES COLEMAN (Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following COMCAST CORPORATION, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

2. Defendant regularly conducts business in the Commonwealth of Pennsylvania therefore personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4. Plaintiff is a natural person residing in Aliquippa, Pennsylvania 15207.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is corporation specializing in debt collection with its principal place of business located at One Comcast Center, Philadelphia, Pennsylvania 19103.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number that he has had for over a year.

10. Plaintiff has only used this number as a cellular telephone number.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Beginning in and around March 2015 and continuing through April 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. Defendant called Plaintiff from numbers including, but not limited to, (866) 500-2439.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages. On some occasions when Plaintiff answered Defendant's calls, she was greeted by a computerized voice.

15. Defendant's telephone calls were not made for "emergency purposes."

16. While Defendant may have had consent to call Plaintiff's cellular telephone from a prior subscription he had with them, in March 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

17. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

18. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several weeks.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice and without her express prior consent.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, in and after March 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JAMES COLEMAN respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES COLEMAN demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 25, 2016                By: /s/ Craig Thor Kimmel
                                        CRAIG THOR KIMMEL
                                        Attorney ID No. 57100
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email:   kimmel@creditlaw.com